**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 25 2013

MATTHEW J. DYKMAN
**CLERK**

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 13-MJ-1386 |
| Blanca Edith GARCIA, and Daniel PARRA | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __3/15/13, 3/28/13__ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and (b)(1)(B) | Possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. |
| 21 U.S.C. 846 | Conspiracy to knowingly or intentionally distribute or dispense or possess with intent to distribute or dispense a controlled substance. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ross Zuercher, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/25/13

City and state: Albuquerque, NM

_____
*Judge's signature*

Alan C. Torgerson
*Printed name and title*
U.S. Magistrate Judge

## ATTACHMENT A

## AFFIDAVIT

Your Affiant, Ross Zuercher, having been duly sworn, does hereby depose and say:

### Introduction

1. I have been a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, since August 2012. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request both a search warrant and arrest warrants.

2. Prior to becoming a Special Agent with the FBI, I was a commercial litigation attorney located in Chicago, Illinois.

3. I am currently assigned to the FBI's Albuquerque Cross Border Drug Violence Hybrid Squad, where I primarily investigate Mexican drug cartels and Mexican drug and illegal alien trafficking organizations.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have set forth only those facts I believe are necessary to establish that probable cause exists to believe that BLANCA EDITH GARCIA (GARCIA) and DANIEL PARRA (PARRA) did unlawfully, knowingly, and intentionally commit the following offenses against the United States, to wit: Possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of Title 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B). Further, the aforementioned did unlawfully, knowingly, and intentionally conspired to distribute or dispense or possess with intent to distribute or dispense a controlled substance, in violation of Title 21 U.S.C. Sec. 846. As such, I have not included each and every fact known to me concerning this investigation.

### Probable Cause

5. Over the past few months, agents were able to introduce an undercover agent ("UCA") to Blanca Edith GARCIA and her son, Daniel PARRA.

6. The UCA has purchased methamphetamine from GARCIA and PARRA on two separate occasions. On March 15, 2013, UCA scheduled a purchase of one ounce of methamphetamine with GARCIA. The purchase was to take place at the Hard Rock Hotel and Casino located at 11000 Broadway Boulevard SE, Albuquerque, New Mexico 87105. GARCIA drove her 2008 grey Mazda 3 bearing New Mexico license MFC715 to the meeting location and attempted to convince UCA to travel to her prior residence located at 4141 Barcelona Road SW, Space A-10, Albuquerque, New Mexico 87121. UCA refused, and the



location was changed to a Giant gas station located at 201 Rio Bravo Boulevard SW, Albuquerque, New Mexico 87105. GARCIA told the UCA to wait at the Giant gas station while she went to retrieve the methamphetamine. GARCIA was followed to her residence by agents. She returned to the gas station and gave the UCA approximately one ounce of a white, crystal-like substance, in exchange for $1,100.00. During the undercover buy, GARCIA said that she could get the UCA additional quantities of methamphetamine at any time. Agents subsequently field tested the suspected methamphetamine and confirmed it was in-fact methamphetamine. The net weight of the methamphetamine was 28.9 grams; the total packaged weight of the methamphetamine was 61.3 grams.

7. On March 28, 2013, UCA scheduled a purchase of three ounces of methamphetamine with GARCIA. The purchase was again to take place at the Hard Rock Hotel and Casino. GARCIA called the UCA and requested the UCA travel to her new house which was later determined to be located at the Rosewood Mobile Home Park at 757 98th Street SW, Space 141, Albuquerque, New Mexico 87121. The UCA traveled to the Home Depot parking lot located at 2820 Coors Boulevard NW, Albuquerque, New Mexico 87120 and called GARCIA in an attempt to conduct the purchase there. A few minutes later, PARRA showed up in the parking lot driving GARCIA'S 2008 Mazda 3 identified as the same aforementioned vehicle. PARRA told the UCA that if the UCA came to the new residence, it would be a quick deal. He also said that GARCIA did not like to do deals in public places and that GARCIA did not trust PARRA with the drugs or the money. The UCA agreed to travel to the residence and followed PARRA there.

8. The UCA and PARRA entered the residence and observed GARCIA smoking methamphetamine. The UCA also observed, based upon education and experience, several individual baggies of a white crystal-like substance in a box. The UCA estimated this box contained approximately nine ounces of the white, crystal-like substance. GARCIA handed the UCA three of the individual baggies in exchange for $3,300.00. During the purchase, GARCIA told the UCA that additional quantities of methamphetamine could be sold, and that all future deals were to take place in her residence. Agents subsequently field tested the three baggies containing the suspected methamphetamine and confirmed it was in-fact methamphetamine. The net weight of the methamphetamine was 86.8 grams; the total packaged weight of the methamphetamine was 121.7 grams.

9. Based on the above information, I believe there is probable cause to arrest GARCIA and PARRA for violations of 21 U.S.C. Sections 841(a)(1) and (b)(1)(B) and Title 21 U.S.C. Section 846 that being, distribution of methamphetamine and conspiracy.

10. Assistant United States Attorney Damon Martinez reviewed this application and authorized federal prosecution in this matter.



11. I swear that this information is true and correct to the best of my knowledge.

_____
Ross Zuercher, FBI Special Agent


SUBSCRIBED and SWORN to before
me this 25 day of April, 2013.

_____
United States Magistrate Judge